LaCorte, Bundy, Varady & Kinsella
989 Bonnel Court
Union, New Jersey 07083
(908) 810-0500
Attorneys for Plaintiff, Jane Doe

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE (a fictitious name)<br><br>Plaintiff,<br><br>vs.<br><br>HANOVER TOWNSHIP, HANOVER TOWNSHIP POLICE DEPARTMENT, JOHN SCHAUDER, individually, and in his official capacity as a police officer of the Hanover Township Police Department, STEPHEN W. GALLAGHER, individually, and in his official capacity as a Chief of Police of the Hanover Township Police Department, JOHN DOES 1-20, a fictitious name for presently unknown agents, members, commissioners, chiefs, representatives, or employees of the Hanover Township Police Department, individually, and in their official capacities.<br><br>Defendants. | Civil Action No.:<br><br>COMPLAINT and DEMAND FOR TRIAL BY JURY |

Plaintiff, Jane Doe (a fictitious name), by and through her attorneys, LaCorte, Bundy, Varady & Kinsella, by way of Complaint against the defendants herein states, upon information and belief, as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. § 1331 and 143.

1

2. The venue in this district is proper because, upon information and belief, all defendants either reside in or are located in the District, and all events took place in the District.

## PARTIES

3. Plaintiff, Jane Doe, is a competent adult, a citizen of the United States, and currently resides in Morris County, New Jersey.

4. Defendant, Hanover Township, (the "Township") is and was at all times relevant to this Complaint, a municipality organized under the laws of the State of New Jersey.

5. Defendant, Hanover Township Police Department (the "Department"), is and was at all times relevant to this Complaint a division or department of the Township entrusted with certain responsibilities, among others, enforcing federal, state and local laws and ordinances, and otherwise insuring the safety of the people and property found within the jurisdictional limits of the Township.

6. Defendant, John Schauder (hereinafter "Officer Schauder"), is a municipal employee in the position of police officer for the Department.

7. Defendant, Stephen W. Gallagher (hereinafter "Chief Gallagher"), is a municipal employee in the position of chief of police for the Department.

8. John Does 1-20 are fictitious names for any and all presently unknown persons who were at all times relevant to this complaint agents, representatives and/or employees of the Department, who were involved or in any way responsible for the events described in this complaint. They are being sued both individually and in their official capacities.

## NATURE OF ACTION

9. This is an action for compensatory and punitive damages against Officer Schauder for violation of plaintiff's constitutional and civil rights, by endangering her welfare as a minor, and by procuring, encouraging, inducing, soliciting and grooming her, as a minor, for sexual relations.

Plaintiff also asserts claims for compensatory and punitive damages against the Department, Chief Gallagher and John Does 1-20, for implementing, maintaining and tolerating policies, practices and customs which resulted in the illegal actions of Officer Schauder and proximately caused plaintiff's injuries as heretofore alleged. The actions of the defendants are in violation of 42 U.S.C. § 1983 and the Constitution of the United States of America.

## GENERAL ALLEGATIONS

10. In the summer of 2007, Officer Schauder, while on patrol and acting within the scope of his employment, encountered the then seventeen-year old plaintiff and several of her friends and engaged plaintiff in conversation.

11. Following that meeting, using his mantle of authority and his position of trust and control over the minor plaintiff, through a careful process of seduction known in this context as "grooming," Officer Schauder befriended the plaintiff for the sole purpose of soliciting, recruiting and procuring the plaintiff, then a minor, for sexual relations.

12. In so doing, Officer Schauder engaged in a course of conduct which violated state, municipal and departmental rules, regulations, guidelines and orders, and in the course of his employment, acting under color of state law, he willfully, intentionally, and knowingly deprived plaintiff of her rights, privileges and immunities of the laws of the United States of America including 42 U.S.C. § 1983, to wit:

a) While in the course of his employment, Officer Schauder solicited and encouraged the minor plaintiff to telephone and/or text message his phone numerous times on a daily basis.

b) While on-duty, on multiple occasions Officer Schauder invited plaintiff to park her car next to his squad car where he engaged plaintiff in lengthy conversations dealing with plaintiff's family problems. In the course of these discussions, Officer Schauder learned that plaintiff's parents

were going through a divorce and, as a result, plaintiff suffered from anxiety, sadness and feelings of abandonment.

    c)     By spending time talking and listening to the plaintiff, Officer Schauder observed her overwrought, vulnerable state of mind. With full knowledge of plaintiff's emotional frailty, under the guise of providing emotional guidance and support, Officer Schauder cultivated plaintiff's trust and affection through the "grooming" process.

    d)     In the spring of 2008, under the cloak of his employer's authority, Officer Schauder further exploited the plaintiff by inviting her to sit with him in his squad car while stationed on duty. On many occasions, while Officer Schauder was on duty, plaintiff spent hours parked alone with him in secluded, wooded locations in the Township. Officer Schauder also drove his squad car to plaintiff's home while her parents were away and spent considerable time conversing with plaintiff while parked in her driveway.

    e)     Between March 2008 and May 16, 2008, while plaintiff was still a minor, Officer Schauder repeatedly lured plaintiff to his squad car on evenings when he was on-duty. There, Officer Schauder engaged in inappropriate contact with plaintiff including hugging, kissing and fondling plaintiff's breasts and genital area through her clothing. Officer Schauder also allowed plaintiff to fondle his genitals through his clothing.

    f)     In April of 2008, in furtherance of his ongoing scheme of seduction, Officer Schauder initiated a discussion with plaintiff about sexual intercourse with him after she turned eighteen years of age on May 16, 2008. Following that discussion, Officer Schauder and plaintiff began making plans for a sexual rendezvous after her birthday.

g)   On or about the evening of April 22, 2008, Officer Schauder drove his squad car to a house party where plaintiff was a guest. He picked her up from the party and she spent several hours with him in his car. Thereafter he returned her to the party.

h)   Again, on or about May 8, 2008, at Officer Schauder's invitation, plaintiff ran away from her home and spent the night with him in his squad car.

i)   On many evenings from March 2008 through May 31, 2008, Officer Schauder parked for hours with plaintiff in his squad car in clandestine locations throughout the Township including the YMCA parking lot, Whippany Park High School parking lot, Airport Road, Bee Meadow Pool and other secluded areas.

13.   As a result of months of careful seduction, Officer Schauder was able to gradually lessen plaintiff's inhibitions resulting in the escalation of sexual contact with the plaintiff.

14.   On May 31, 2008, Officer Schauder invited the now eighteen year old plaintiff to his marital residence while his wife and children were away. Officer Schauder purchased a thirty-pack of beer which he and plaintiff consumed during a weekend which plaintiff spent at Officer Schauder's home engaging in sexual relations with him.

15.   Following that weekend encounter, from June 7, 2007, through July 1, 2008, Officer Schauder engaged in sexual relations with plaintiff on dozens of occasions in his home, in plaintiff's parents' home, and while on-duty in secluded locations throughout the Township both inside and on top of his squad car.

16.   During that time, on many nights plaintiff would sneak out of her parent's house to be with Officer Schauder while he was on-duty. On many of those occasions, plaintiff drove to Officer Schauder's location after having consumed alcohol, and in a visibly intoxicated state. Although

5

Officer Schauder was aware that the under-aged plaintiff was operating her motor vehicle while intoxicated, he did nothing to dissuade her conduct.

17. In or about July 2008, Officer Schauder's wife discovered his liaison with plaintiff. As a result, Officer Schauder was forced to end the relationship.

18. Upon information and belief, Officer Schauder's conduct with the plaintiff was open, visible and notorious to members of the Department including Chief Gallagher, who individually and in their professional capacities had personal knowledge of Officer Schauder's sordid predatory conduct, which he boasted about to his fellow officers.

19. Despite such knowledge, these individuals negligently and/or knowingly failed to report Officer Schauder's sexual misconduct and, acting under color of state law, concealed, covered-up and camouflaged Officer Schauder's actions thereby aiding and abetting his lascivious activities.

20. Further, on or about July 14, 2009, plaintiff filed a Complaint Against Personnel against Officer Schauder with the Department, and submitted to an interview by the Department's Internal Affairs Division. Upon information and belief, to date, the Department has taken no disciplinary action against Officer Schauder.

## FIRST COUNT

(Against Officer Schauder)

42 U.S.C. § 1983

21. Plaintiff repeats the allegations contained in paragraphs 1-20 inclusive as if set forth fully herein.

22. Officer Schauder, acting under color of state law, willfully, intentionally, knowingly deprived plaintiff of her rights, privileges, and immunities secured by the Constitution and the laws of the United States of America, including the Fourth and Fourteen Amendments by using his mantle of

authority, trust, and control as a police officer and under the guise of providing emotional guidance and support for the minor plaintiff, luring, enticing, procuring, soliciting and grooming her for sexual relations and needlessly and unreasonably subjecting her to sexual harassment and sexual abuse.

23. The aforesaid actions are in violation of 42 U.S.C. § 1983 and the Constitution and laws of the United States of America.

## SECOND COUNT

(Against the Township, the Police Department,
Police Chief Gallagher and John Does 1-20)

### 42 U.S.C. § 1983

24. Plaintiff repeats the allegations of paragraphs 1-23 inclusive as set forth fully herein.

25. Defendants, acting under color of state law, willfully, intentionally, knowingly and concertedly deprived plaintiff of her rights, privileges and immunities secured by the Constitution and the laws of the United States of America, including the Fourth and Fourteenth Amendments by the following actions;

a) Implementing, maintaining, and tolerating policies, practices and customs which resulted in Officer Schauder's illegal actions and proximately caused plaintiff's injuries as heretofore alleged;

b) Prior to the employment of Officer Schauder or to the assignment of duties whereby it was foreseeable that Officer Schauder would be required to interact with female members of the public, defendants failed to take reasonable steps to ascertain whether Officer Schauder was emotionally capable of performing such duties and did not have a propensity towards sexual harassment of females he was likely to encounter nor did defendants administer well-known and standard tests to ascertain Officer Schauder's personality;

c) Defendants grossly failed to train Officer Schauder as a police officer in the fundamental law of police procedures and protocol in dealing with minor female members of the public;

d) Prior to 2007, the defendants permitted, encouraged, tolerated and ratified a pattern and practice of unreasonable and illegal behavior by its police officers, including Officer Schauder, who routinely harassed and engaged in sexual relations with female members of the public who they encountered in their roles as police officers for the Township;

e) Prior to 2007, the defendants failed to discipline or prosecute or in any manner deal with known incidents of wrongful behavior by its police officers, including Officer Schauder, involving the sexual harassment of female members of the public whom they encountered in their role as police officer;

f) Prior to 2007, the defendants refused to and/or failed to investigate complaints of sexual harassment against its police officers, including Officer Schauder, by female members of the public whom they encountered.

g) By means of both action or inaction and cover-up of such wrongful actions by its police officers, including Officer Schauder, with regard to the sexual harassment of female members of the public, the defendants encouraged its police officers, including Officer Schauder, to believe that this type of sexual impropriety was permissible.

24. The actions of the defendants and their omissions and systematic failures are customs and policies caused police officers, including Officer Schauder, to believe that sexual harassment was within their discretion and that complaints of sexual harassment would not be honestly or properly investigated, with the foreseeable result that officers, including Officer Schauder, would be likely to sexually harass female members of the public.

25. As a direct and proximate result of the aforesaid acts, omissions, policies and customs, the defendant, Officer Schauder, solicited, lured, procured and groomed plaintiff for sexual relations on repeated occasions from on or about June 2007, through May 31, 2008, which culminated in improper sexual relations between Officer Schauder and the plaintiff on dozen of occasions between May 31, 2008, and July 2008.

26. Officer Schauder's wrongful conduct was visible, open and notorious to the defendants who negligently and/or knowingly failed to report Officer Schauder's sexual misconduct and, acting under color of state of law, concealed, covered-up and obfuscated Officer Schauder's actions thereby aiding and abetting his lascivious activities.

27. Further, on or about July 14, 2009, plaintiff filed a Complaint Against personnel against Officer Schauder with the Department, and submitted to an interview by the Department's Internal Affairs Division.  Upon information and belief to date, the Department has taken no disciplinary action against Officer Schauder.

## THIRD COUNT

(Against all Defendants)

Punitive Damages

28. Plaintiff repeats the allegations of paragraphs 1-27 inclusive as if set forth herein.

29. The aforesaid actions of the defendants were willful, wanton and reckless and so as to permit a jury to consider the awarding of punitive damages and/or exemplary damages to the plaintiff.

## PRAYER FOR RELIEF

30. Plaintiff repeats the allegations of paragraphs 1-29 inclusive as if set forth fully herein.

31. Plaintiff demands judgment against all defendants and each of them, jointly and severally as follows:

a) Where applicable, plaintiff demands judgment for compensatory damages.

b) Where applicable, plaintiff demands judgment for punitive damages and exemplary damages, and any and all other damages allowed by law.

c) Plaintiff demands judgment for all equitable and other relief as the Court deems just and proper.

d) Plaintiff demands judgment of attorney's fees with interest and costs of suit.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury pursuant to the Federal Rules of Civil Procedure 38B on all issues so triable herein.

LACORTE, BUNDY, VARADY & KINSELLA

/s/ Robert F. Varady, Esq.
By: Robert F. Varady, Esq.

Date: October 29, 2009